**TOEAINA MUASAU, for himself and on behalf of the TOEAINA FAMILY, Appellee**

**v.**

**TITO MALAE, Appellant**

High Court of American Samoa
Appellate Division

AP No. 17-92

November 10, 1993

Before CANBY,* Acting Associate Justice, MUNSON, **Acting Associate Justice, VAIVAO, Associate Judge, AFUOLA, Associate Judge

---

* Honorable William C. Canby, Jr., Circuit Judge, United States Court of Appeals for the Ninth Circuit, serving by designation of the Secretary of the Interior.

** Honorable Alex R. Munson, Chief Judge, United States District Court for the Northern Marianas, serving by designation of the Secretary of the Interior.

Counsel:     For Appellant, Gata E. Gurr
             For Appellee, Togiola T. A. Tulafono

MUNSON, Acting Associate Justice:

This matter comes before the Appellate Division on appeal from the August 7, 1992, opinion and order of the Land and Titles Division concerning title to land known as "Vaoto." The history of the dispute and the facts are set out in detail in the decision below, and will not be repeated here.

The sole issue raised by appellant is whether the findings of fact of the Land and Titles Division were clearly erroneous.

■ American Samoa Code Annotated § 43.0801(b) directs that we not disturb the findings of fact of the Land and Titles Division unless we find them to be clearly erroneous. A finding of fact is clearly erroneous when, "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum*, 333 U.S. 364, 395 (1948); *Willis v. Willis*, 2 A.S.R.2d 102 (App. Div. 1986), *Suapilimai v. Musu and Faleafine*, 9 A.S.R.2d 16, 18 (App. Div. 1988).

In its decision below, the land and Titles Division presented its findings of fact in a thorough and methodical exposition of the testimony and evidence presented at trial. It is clear from a reading of the Decision and Opinion that the court found witnesses for both sides sincere, but concluded that years of misinterpretation and miscommunication had obscured and confused, as between the members of the competing families, their respective claims of ownership to the land known as "Vaoto."

Appellant presents on appeal portions of the transcript which support the position he took below. Essentially, however, appellant simply asks us to substitute our judgment for that of the Land and Titles Division. The trial court was uniquely situated to observe the demeanor of the witnesses, to judge their credibility, to examine the evidence, and to deduce the facts upon which it ultimately based its decision. Given the record before us from the Land and Titles Division, and our lack of a definite and firm conviction that a mistake has been made, we cannot say that the findings of fact below were clearly erroneous.

32

Accordingly, we must AFFIRM.